UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-03251-SVW-PVC | Date | January 23, 2026 |
|---|---|---|---|
| Title | *Ikram Alkan v. Marin et al* | | |

Present: The Honorable **STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DENYING PETITIONER'S APPLICATION FOR TEMPORARY RESTRAINING ORDER [4].

### I. Introduction

Before the Court is an ex parte application for a temporary restraining order ("TRO"), filed by Petitioner Ikram Alkan ("Alkan") ECF No. 4. For the following reasons, the application is DENIED.

### II. Background

Petitioner Alkan is a 27-year-old native and citizen of Turkey, detained by United States immigration authorities in Adelanto, California since September 30, 2025. Petition ("Pet.), ECF No. 1 ¶¶ 8-9; Declaration of Ikram Alkan ("Alkan Decl."), ECF No. 4-2 ¶ 2, 5. On December 1, 2025, Petitioner was sexually assaulted by another detainee at the detention facility and currently suffers psychiatric symptoms. Id. ¶ 7; ECF No. 4-4.

On March 7, 2025, before an Immigration Judge ("IJ") in Santa Ana, California, Alkan had been denied asylum and ordered to be removed from the United States to Turkey. Immigration Order, ECF No.

:

Initials of Preparer   DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-03251-SVW-PVC | Date | January 23, 2026 |
|---|---|---|---|
| Title | *Ikram Alkan v. Marin et al* | | |

1-1. However, the IJ also ordered that Alkan's removal be withheld pursuant to protection under 8 U.S.C. § 1231(b)(3), which dictates that an alien may not be removed to a country when the alien has sustained the alien's burden of proof that removal to that country would lead to the alien's life or freedom being threatened because of certain protected characteristics. Id; 8 U.S.C. 1231(b)(3). Neither Petitioner nor the government appealed these orders, so the appeal became final. Declaration of Christopher Jenson, ECF No. 7-1 ¶ 6.

Nevertheless, on September 30, 2025, the government re-detained Petitioner at a check-in appointment. Pet. ¶ 24. On December 3, 2025, Alkan filed the instant Petition for Writ of Habeas Corpus with this Court, alleging that Petitioner's detention violated 8 U.S.C § 1231(a)(6), 8 C.F.R. § 241.13, and the due process clause of the Fifth Amendment to the United States Constitution because removal was not reasonably foreseeable and Petitioner was detained without a formal hearing or opportunity to contest continued custody. Pet. ¶¶ 37-51. The primary relief sought by the Petition is that this Court release Alkan or provide Alkan with an individualized bond hearing and enjoin Respondents from re-detaining Alkan without clear and convincing evidence of a reasonably foreseeable removal and a demonstration of materially changed circumstances. Pet. ¶¶ 4-6.

### III. Legal Standard

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [petitioner] is entitled to such relief." *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "A [petitioner] seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* These same elements apply to Petitioner's TRO. *West v. PBC Mgmt. LLC*, No. 23-cv-03283-BLF, 2023 U.S. Dist. LEXIS 118204, 2023 WL 4477296, at *2 (N.D. Cal. July 10, 2023) (citing *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.").

:

Initials of Preparer   DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-03251-SVW-PVC | Date | January 23, 2026 |
|---|---|---|---|
| Title | *Ikram Alkan v. Marin et al* | | |

"[I]f a [petitioner] can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the [petitioner's] favor,' and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

Importantly, a temporary restraining order "is an extraordinary and drastic remedy, [and] one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Indeed, the moving party bears the burden of meeting all prongs of the *Winter* test. *DISH Network Corp. v. FCC*, 653 F.3d 771, 776 (9th Cir. 2011) ("To warrant a preliminary injunction [or TRO], [the petitioner] must demonstrate that it meets all four of the elements of the preliminary injunction test established in *Winter*[.]"). The decision of whether to grant or deny a temporary restraining order is a matter of the district court's equitable discretion. *See Winter*, 555 U.S. at 32.

### IV. Discussion

Generally, an alien subject to a final order of removal is generally held in custody and then removed within 90 days. *See Zadvydas v. Davis,* 533 U.S. 678, 682 (2001). However, by statute, the government may continue to detain such aliens beyond this 90-day "removal period;" *Id;* 8 U.S.C. § 1231(a)(6) ("An alien ordered removed [1] who is inadmissible ... [2] [or] removable [as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy] or [3] who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision ....").

The Supreme Court has clarified that such post-removal-period detentions may not be "indefinite;" they are limited by the due process clause of the Fifth Amendment to the constitution to a period "reasonably necessary to bring about that alien's removal." *Zadvydas*, 533 U.S. at 689-90. To determine whether a detention is "indefinite," a habeas court must look to the particular circumstances of the

:

Initials of Preparer   DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-03251-SVW-PVC | Date | January 23, 2026 |
|---|---|---|---|
| Title | *Ikram Alkan v. Marin et al* | | |

detention to determine whether removal is "reasonably foreseeable." *Id.* at 699. Giving some leeway to Executive expertise in these matters, the Supreme Court has held that detentions that last less than six-months are presumptively reasonable.

Here, Petitioner has been detained since September 30, 2025. The detention, as of the date of this Order, has therefore lasted for fewer than four months. Therefore, the detention is presumptively reasonable. Petitioner can establish that removal to Turkey is not reasonably foreseeable, due to the prior order of the IJ. However, Respondents have begun a process of identifying ties between Petitioner and countries other than Turkey, to which Petitioner may be removed without risk to his life or freedom. Jenson Decl. ¶¶ 9, 11, 15. Respondents assert that a third country will be identified, Petitioner will have proper notice and opportunity for hearing, and Petitioner will be removed within the reasonable future. Id. at ¶¶ 15-16. In the face of this evidence, Petitioner has not met the heavy burden required for a TRO by a clear showing that he can overcome the presumption that his four-month detention is reasonable. Accordingly, the Court cannot at this time find a likelihood of success on the merits, and the application should be denied.

However, if the detention continues beyond the presumptively reasonable 6-month period, the burden will shift, and Petitioner's likelihood of winning on the merits will improve. Accordingly, the Court will dismiss the application without prejudice to renewal in 90 days, so the Court may consider new circumstances.

**V. Conclusion**

For the foregoing reasons, the Application for Temporary Restraining Order is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | DTA |